GRAVES, Circuit Judge,
dissenting.
Because I would reverse the district court’s order that Mann be forcibly medicated, I respectfully dissent.
On April 15, 2010, David Brian Mann was charged with being a felon in possession of a firearm after an investigation which was initiated because he sent threatening facsimiles to the United State Supreme Court, the United States Court of Appeals for Veterans Claims, and the United States Court of Appeals for the Armed Forces. After he was found incompetent to stand trial, the district court ordered him to undergo a psychiatric evaluation to assess his mental state and determine whether he should be forcibly medicated. Subsequently, an appropriate administrative hearing pursuant to Washington v. Harper, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990), was conducted at the Bureau of Prisons Medical Facility at Butner, North Carolina (FMC Butner) to determine whether forcible medication should be administered for dangerousness. Although Mann was incompetent, the Harper report concluded that forcible medication was not proper because Mann did not pose a danger to himself or others and his mental illness had not rendered him gravely disabled or unable to care for himself. The report further indicated that involuntary medication was not approved.
Subsequently, FMC Butner submitted a forensic evaluation[1] indicating a substantial probability that Mann’s competency could be restored with a period of treatment with haloperidol decanoate and asking the court to make a judicial determination regarding the appropriateness of forced medication under Sell v. United States, 539 U.S. 166, 123 S.Ct. 2174, 156 *496 L.Ed.2d 197 (2003). The Butner report further indicated that Mann had previously been made competent at Rusk State Hospital during a separate incident, but that those records had not yet been obtained.
After a hearing in May of 2011, the district court denied the Government’s request to forcibly medicate Mann and ordered him released without bond. In August of 2011, Mann made statements to a mechanic, who worked at the Mann family business, that the federal government had killed 200 people, that he was not going to wait to be killed and that he was going to kill people at the federal courthouse in Houston. Based on those statements, the Government filed a motion to reconsider the order denying forced medication and a request for detention. The district court granted the motion to reconsider. Mann was arrested at his daughter’s home with only a pocket knife. On September 20, 2011, the court entered an order allowing for further commitment and the involuntary administration of medication. Mann filed this interlocutory appeal. The district court granted Mann’s unopposed motion for stay pending appeal.

Sell Hearing

The majority finds that the district court did not err in ordering Mann to be forcibly medicated because under the new 2011 regulations there was no requirement for an administrative hearing. I disagree with the majority’s finding that the 2011 regulations are applicable.
This case revolves around a change in the procedural due process requirements available to inmates the Government wants to forcibly medicate. Prior to August 12, 2011, the regulations required the Government to provide the inmate with notice, the reasons for medication purposes, and an actual hearing before the inmate could be forcibly medicated for either dangerousness or competency. The regulations changed on August 12, 2011, in relevant part, to no longer require an administrative hearing where a court orders involuntary medication solely to render an inmate competent for trial.
The case against Mann began prior to the amendment of the regulations. He had an administrative hearing wherein the psychiatrist found that forcible medication was not proper. The district court found that the Government’s request to forcibly medicate Mann for either dangerousness or competency should be denied and released Mann without bond by order dated May 10, 2011. On August 12, 2011, the regulations changed. On August 26, 2011, Mann made the comments to the mechanic. On August 29, 2011, the Government filed its motion to reconsider the order denying forced medication. On September 20, 2011, the district court entered an order allowing forcible medication. There was no administrative hearing after the motion to reconsider.
Mann asserts that the district court committed plain error by ordering that he be forcibly medicated for trial competency purposes without requiring the government to exhaust its administrative remedies as required by the Code of Federal Regulations. Mann also asserts that, under Supreme Court and Fifth Circuit precedent, it was plain error for the district court to decide whether forced medication was warranted based on competence before it decided whether it was warranted based on dangerousness.
Mann’s case is analogous to United States v. Gutierrez, 443 Fed.Appx. 898 (5th Cir.2011) (unpublished) (Gutierrez I). In Gutierrez I, the defendant, who threatened to kill the president, two former presidents, a secret service agent, and others, was ordered to be involuntarily medicated to render him competent to stand trial. *497 This was done without an administrative hearing. The Government argued that it was not required to provide an administrative hearing because Sell implicitly overruled the 1992 regulations and because the proposed changes to the regulations would do away with the administrative process on competency. The changes had been adopted by the time of the appeal.
A panel of this Court vacated and remanded, holding that: 1) The Government failed to exhaust administrative processes, as required, before obtaining the district court order that the defendant be forcibly medicated; 2) the failure to comply with governing regulations was not excused; and 3) the new regulations did not apply retroactively. Based on the well-settled law under the 1992 regulations, this Court found that “Gutierrez rightfully expected to be afforded a judicial determination by a neutral psychiatrist prior to the judicial hearing.” Id. at 906. Further, the panel found that the “new regulation upset Gutierrez’s settled expectations about how and when he could be forcibly medicated.” Id. at 907. Like Gutierrez, Mann argued in the district court that he was not provided an administrative hearing. The Court further said:
In making this determination, we are guided by “familiar considerations of fair notice, reasonable reliance, and settled expectations.” ... Here, we look to the government’s request that Gutierrez be forcibly medicated, which is “the relevant conduct regulated by the [regulations]” and completed before the adoption of the regulations.
Id. at 905. (Internal citation omitted). Here, at the time of the Government’s request, as will be discussed more fully herein, the 1992 regulations were in place.
The majority finds that Mann’s reliance on Gutierrez I is misplaced because the Government’s request to forcibly medicate Mann was not “completed” while the 1992 regulations were still in effect as it was in Gutierrez I. In doing so, the majority must find that the Government’s second request in August 2011 was not related to the earlier request. However, the record does not support any such finding.
As stated above, in Gutierrez I, this Court said that “we look to the government’s request that Gutierrez be forcibly medicated, which is the ‘relevant conduct regulated by the [regulations]’ and completed before the adoption of the regulations.” Gutierrez I, 443 Fed-Appx. at 905. Therefore, we must look to the Government’s original request, which was clearly made under the 1992 regulations.
The majority attempts to avoid the requirement in Gutierrez I that we look to the regulations in place at the time the Government sought to forcibly medicate because the Government sought a second time to forcibly medicate Mann after the regulations changed. But the second request was not a separate or new request. The Government filed a motion to reconsider the order denying forced medication. That order and the preceding request to forcibly medicate Mann all occurred under the 1992 regulations. Although there was an incident occurring after the regulations changed — the courthouse threat made to the mechanic — the Government also relied on everything from before the change in regulations and was merely asking the district court to reconsider.
The second request to forcibly medicate, just as the first, was pursuant to the charge of possession of a firearm by a convicted felon. The district court had already denied the Government’s motion to forcibly medicate Mann either because of his dangerousness or to restore his competency to stand trial for possession of a firearm by a convicted felon and had released Mann without bond. At such time *498 that Mann’s competency was restored, the Government could then proceed with its case. Before that happened, Mann made the statements to the mechanic and was arrested. On the Government’s request, the district court ordered, without the appropriate administrative hearing as required by the applicable 1992 regulations, that Mann be forcibly medicated to restore his competency to stand trial for the possession of a firearm charge. This was error. More importantly, it was plain error. This was not a novel issue because it was addressed in Gutierrez. Moreover, the 1992 regulations obviously were controlling as that is what the district court relied upon in denying the Government’s request, which the Government later asked the court to reconsider.
Further, although Gutierrez I was not published, the most recent Gutierrez opinion is published. United States v. Gutierrez, 704 F.3d 442 (5th Cir.2013) (Gutierrez II ).[2] Gutierrez II was Gutierrez’s appeal of the order of involuntary medication to restore competency following his administrative hearing on remand from this Court. In Gutierrez II, this Court acknowledged and, thus, essentially adopted and incorporated the prior panel’s holding in considering whether the order after the appropriate administrative hearing was proper. Nothing in Gutierrez II calls into question any of the prior panel’s findings. And the fact that Gutierrez I was unpublished does not undermine the soundness of its analysis.

Harper Hearing

As I would find that the 1992 regulations applied and Mann was entitled to an administrative hearing before a determination regarding forcible medication to restore competency, I would also find Mann’s argument regarding exhaustion to be moot. However, despite its Sell finding, the majority also finds that a second Harper hearing was not required. These findings are contradictory. If, as the majority finds, the Government’s requests were actually two separate requests — one under the 1992 regulations and one under the 2011 regulations — then Mann was entitled to a Harper hearing under the second request.
In the motion to reconsider the order denying forcible medication, the Government asked the district court to “reconsider the order denying the United States [sic] request for judicial authorization to administer medication to Mann without his consent.” The motion to reconsider does not say only for the purposes of restoring competency. Later, the motion again merely asks the court to “reconsider the order denying forcible medication” without limiting the request to competency. However, the Government repeated the following language from the original motion: “Mann’s conduct has escalated, created a substantial threat of harm to himself and others, and merits consideration when analyzing the first prong of the Sell test.” Further, it says, “On August 26, 2011, an alert was issued by the United States Marshal Service stating that David Brian Mann stated to a mechanic that he was going to the federal courthouse to kill people.” The motion also references a discussion with Mann’s brother, who said he “is extremely concerned that defendant will cause harm to law enforcement or possibly be harmed by law enforcement due to his actions.”
If this was a new request for forcible medication under the new 2011 regula *499 tions, as the majority finds, then there was clearly a requirement for a Harper hearing to determine whether Mann should be forcibly medicated for purposes of dangerousness. The motion fails to say that it is only referring to competency and it discusses Mann’s dangerousness. Further, at the hearing, the Government again asserted, albeit during a portion of the discussion of bond[3], that:
[H]e has exhibited behavior which has escalated potentially in dangerousness .... That, of course, is indicative of somebody whose behavior has escalated towards potentially a more violent range; and the concern is if he were released on bond with his criminal history and with the type of behavior which he has displayed so far, do we have any assurances that not only he will be safe but the community will be safe outside of his confinement pending trial.
The Government then launched into a discussion of the faxes and the possession of a weapon charge.
However, during the hearing on the motion for forcible medication, no evidence was offered regarding any change in Mann’s competency or in support of the theory that forcibly medicating him would make him competent to stand trial. The only witness was a deputy U.S. marshal who testified about the threat made to the mechanic. The Government did not present any medical evidence. If this was actually a new proceeding under the new regulations, then the district court erred in ordering Mann forcibly medicated when there was no evidence introduced regarding his competency or that the forcible administration of medicine would restore his competency.
I further disagree with the majority’s finding that the Government properly admitted evidence of Mann’s dangerousness to prove that important governmental interests were at stake pursuant to the first factor of Sell. The majority relies on United States v. Palmer, 507 F.3d 300 (5th Cir.2007). But Palmer is distinguishable as Palmer’s conduct was much more serious in nature than possession of a firearm. Palmer threatened the life of a federal officer, resisted arrest by U.S. marshals, and caused substantial disruption on and near the LSU campus. Mann said something to a mechanic he worked with and never took any action whatsoever. Further, the Government did not merely offer evidence of what Mann did. The Government also argued regarding Mann’s “escalating” dangerousness in a “violent range,” etc., all of which is clearly outside of that allowed by Palmer. Clearly, the presentation of facts regarding conduct that may justify an upward departure of the sentencing guidelines is entirely different from the presentation of editorial characterizations that may justify a separate, inapplicable basis for forcible medication.
For these reasons, I would reverse the district court’s order of forcible medication. Therefore, I respectfully dissent.

. This forensic evaluation was not the equivalent of an administrative hearing as required by the then-existing regulations. See 28 C.F.R. § 549.43(a)(1), (5) (1992), now 28 C.F.R. § 549.46 (2011).

. Although this Court affirmed the order of involuntary medication in Gutierrez II, it is inapplicable here because Gutierrez had a second administrative hearing, whereas Mann has not.

. While this was during a discussion of bond, Mann’s counsel was arguing (correctly) that release would be proper if the Government did not meet its burden of showing forcible medication was necessary and appropriate.